```
        IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
CLASSEN IMMUNOTHERAPIES,
INC.,                         *

    Plaintiff,                *
v.                                CIVIL NO.: WDQ-04-2607
                              *
BIOGEN IDEC, et al.,
                              *
    Defendants.
*   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM OPINION AND ORDER

Classen Immunotherapies, Inc. ("Classen") has sued Biogen IDEC ("Biogen"), GlaxoSmithKline ("GSK"), Chiron Corporation ("Chiron"), Merck & Co., Inc., Kaiser Foundation Health Plan, Inc., Kaiser Permanente Ventures, Kaiser Permanente International, Kaiser Permanente Insurance Company, The Permanente Federation, LLC, The Permanente Company, LLC, The Permanente Foundation, The Permanente Medical Group, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Added Choice Health Plan, Inc. for patent infringement.  Pending are Chiron, Biogen, and GSK's motions to dismiss, and the various Kaiser, Kaiser Permanente, and Permanente Defendants' motion for sanctions.  For the reasons discussed below, the motions to dismiss will be granted, and the motion for sanctions will be granted in part and denied in part.

BACKGROUND

Classen owns the following United States Patent Numbers: (1) 6,420,139 ("the '139 patent"); (2) 6,638,739 ("the '739 patent"); (3) 5,728,385 ("the '385 patent"); and (4) 5,723,283 ("the '283 patent") (collectively, "the patents in suit"). Am. Compl. at ¶ 3. Each patent involves a mechanism for evaluating the safety of vaccine administration schedules by comparing or identifying the adverse events associated with various vaccine schedules. Classen alleges that the Defendants:

> collectively license, manufacture, use, market, distribute and sell vaccines for human use. . . . Defendants' products have participated in studies on the effects of the timing of administration of these vaccines and incidence of chronic immune mediated disorders. The Defendants collectively publish, encourage, recommend and administer the vaccines according to a protocol which is believed to minimize the risk of incidence of chronic immune mediated disorders.

*Id.* at ¶ 6.

## ANALYSIS

A.   Motions to Dismiss

   1.   Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The function of Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the facts that support it. *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Co.*, 609 F.2d 1083, 1086 (4th Cir. 1979). Thus, a complaint may be dismissed as a matter of law only "if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory." *Mates v. N. Am. Vaccine, Inc.*, 53 F. Supp. 2d 814, 822 (D. Md. 1999). In determining whether to dismiss a complaint, the court must accept the well-pled material allegations as true, viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

    2.   Analysis

    Classen alleges that Chiron infringed and induced infringement of the patents in suit by manufacturing and supplying hepatitis B vaccines, and providing recommendations on a proper immunization schedule. It is undisputed, however, that Chiron does not manufacture, supply, or administer

3

hepatitis B vaccines.  Vavricka Dec. at ¶ 3.  Nor does Chiron provide instructions or recommendations for hepatitis B vaccines.  *Id.* at ¶ 4.

Classen argues that Chiron licenses hepatitis B vaccines; thus it stated a claim against Chiron in its general allegation that "Defendants Biogen, Chiron, GlazoSmithKline, Merck, and Kaiser-Permanente collectively license, manufacture, use, market, distribute and sell vaccines for human use."  Am. Compl. at ¶ 6.  Chiron counters that this general allegation does not comply with Federal Rule of Civil Procedure 8(a)(2).

Rule 8(a)(2) requires that pleadings provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

> This requirement is by no means onerous; instead, it
> is designed to ensure that the complaint will give
> the defendant fair notice of what the plaintiff's
> claim is and the grounds upon which it rests.  The
> liberal notice pleading of Rule 8(a) is the starting
> point of a simplified pleading system, which was
> adopted to focus litigation on the merits of a
> claim.  Under this pleading system, a plaintiff must
> only set forth facts sufficient to allege each
> element of his claim.

*Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 251 (4th Cir. 2005) (internal citations omitted).  Classen's general allegation fails to delineate the particular acts of

4

infringement attributable to each Defendant; thus it does not provide facts sufficient to inform Chiron of the basis for Classen's claims.  *See Appalachian Enterprises, Inc. v. Epayment Solutions Ltd.*, 2004 U.S. Dist. LEXIS 24657, *21 (S.D.N.Y. 2004) (A plaintiff does not satisfy Rule 8 when the complaint "lump[s] all the defendants together and fail[s] to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong.").  Accordingly, Chiron's motion to dismiss will be granted.

Classen alleges that GSK and Biogen violated its patents when they:

> participated in, facilitated and/or otherwise conducted a study believed to have begun in the late 1990's and continuing through 2001, to evaluate suggested associations between childhood vaccinations, particularly against hepatitis B and Haemophilus influenza . . . type b, and risk of developing type 1 diabetes; and to determine whether timing of vaccination influences risk.

Am. Compl. at ¶ 7.  Classen claims that the Defendants "collectively[] publish, encourage, recommend and administer the vaccines according to a protocol which is believed to minimize the risk of incidence in chronic immune mediated disorders."  *Id.* at ¶ 6.

35 U.S.C. § 271(a) provides that "whoever without

5

authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  Section 271(e)(1) provides an exemption to this general rule, which provides:

> It shall not be an act of infringement to make, use, offer to sell, or sell within the United States or import into the United States a patented invention (other than a new animal drug or veterinary biological product (as those terms are used in the Federal Food, Drug, and Cosmetic Act and the Act of March 4, 1913) which is primarily manufactured using recombinant DNA, recombinant RNA, hybridoma technology, or other processes involving site specific genetic manipulation techniques) solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

GSK and Biogen have moved to dismiss Counts I, II, and IV of the Complaint (the '139, '739, and '283 patent claims) because their alleged acts of infringement fall within the § 271(e)(1) exemption.  Specifically, the Food and Drug Administration ("FDA") collects vaccine data from vaccine manufacturers after their vaccines have been approved.  *See, e.g.*, 21 C.F.R. § 601.70 (2005) (requiring annual progress reports of postmarketing studies); 21 C.F.R. § 600.80 (requiring reports of postmarketing adverse reactions to vaccinations).  As the Defendants' alleged acts of infringement involve examining risks associated with various

6

vaccination schedules, GSK and Biogen assert that their actions are reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs.  Classen argues that the § 271(e)(1) exemption applies only to drugs which have not yet been approved by the FDA, not to post approval activities associated with a drug that is already on the market.

In *Merck KgaA v, Integra Lifesciences I, Ltd.*,[1] however, the Supreme Court held that § 271(e)(1) "provides a wide berth for the use of patented drugs in activities related to the federal regulatory process."  Section 271(e)(1)'s exemption "extends to all uses of patented inventions that are reasonably related to the development and submission of *any* information under the [Federal Food, Drug, and Cosmetic Act]." *Id.* (emphasis in original).[2]  Because their alleged participation in a study evaluating risks associated with various vaccination schedules was reasonably related to the development and submission of information required under the

---

[1] 125 S. Ct. 2372, 2380 (2005).

[2] "[W]here a drugmaker has a reasonable basis for believing that a patented compound may work, through a biological process, to produce a particular physiological effect, and uses the compound in research that, if successful, would be appropriate to include in a submission to the FDA, that use is 'reasonably related' to the 'development and submission of information under . . . Federal law.'" *Id.* at 2383.

7

Federal Food, Drug, and Cosmetic Act, GSK and Biogen's motion to dismiss Counts I, II, and IV will be granted.

B.  Kaiser Defendants' Motion for Sanctions

Classen alleges that "Kaiser-Permanente infringes [its patents] through the administration of vaccines according to the patented method."  Am. Compl. at ¶¶ 28, 36, 44, and 52. Kaiser Foundation Health Plan, Inc., Kaiser Permanente Ventures, Kaiser Permanente International, Kaiser Permanente Insurance Company, The Permanente Federation, LLC, The Permanente Company, LLC, The Permanente Foundation, The Permanente Medical Group, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Added Choice Health Plan, Inc. (collectively, "the Kaiser Defendants") have moved for sanctions under Federal Rule of Civil Procedure 11.

Every paper filed in a lawsuit in federal court must be signed by an attorney.  FED. R. CIV. P. 11(a).

> By presenting a signed paper to the court, the attorney certifies that he has performed "an inquiry reasonable under the circumstances" and has come to three conclusions: (1) that the pleading or motion "is not being presented for any improper purpose"; (2) that "the claims . . . and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"; and (3) that the "allegations and other factual contentions have evidentiary support."

*Antonious v. Finnegan, Henderson, Farabow, Garrett & Dunner,*

8

*L.L.P.*, 275 F.3d 1066, 1071-72 (Fed. Cir. 2002) (*citing* FED. R. CIV. P. 11(b)(1)-(3)).

The Kaiser Defendants assert that Classen failed to conduct a reasonable prefiling factual investigation.  In its original Complaint, Classen named "Kaiser Permanente, Inc.," an entity that has never existed, as a Defendant.  The Kaiser Defendants' in-house counsel notified Classen of this error. Ex. H to Mot. for Sanctions (Aug. 30, 2004 Memorandum from Anne Deibert, Esq. to Joseph Zito, Esq.).  In its amended Complaint, Classen named as Defendants ten Kaiser entities, some of which no longer exist, and others that do not administer vaccinations.  The Kaiser Defendants also argue that Classen failed to identify the allegedly infringing vaccination protocol used by the Kaiser Defendants.

To be reasonable, a plaintiff's prefiling factual investigation must uncover some information to support the allegations in the complaint.  *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).

> A complaint containing allegations unsupported by any information obtained prior to filing violates the required prefiling factual investigation.  That is, where there is no factual basis for a plaintiff's allegations, the complaint violates Rule 11's factual inquiry requirement.

*Id.* (internal citations omitted).

If challenged, a patent holder bringing an infringement claim must be able to demonstrate to the court and the alleged infringer exactly why it believed before filing suit that it had a reasonable chance of proving infringement. *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000).  Failure to do so should result in the district court's imposition of sanctions unless the plaintiff has a sound excuse or considerable mitigating circumstances.  *Id.*

"Requiring parties to determine with accuracy that they are suing the correct parties . . . is the most basic factual inquiry in any lawsuit." *Callahan v. Schoppe*, 864 F.2d 44, 46-47 (5th Cir. 1989).  Classen claims that it did all it could to ascertain the proper Kaiser Defendants but ultimately failed because Kaiser's counsel refused to disclose which Kaiser entities administer vaccinations.  Classen's explanation is inadequate as defendants are not required to permit pre-litigation discovery.  *Id.*

Moreover, in patent infringement cases, a party conducting a prefiling inquiry must:

> at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused [practice] and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.  The presence of an infringement analysis plays the key role in determining the reasonableness of the pre-

>filing inquiry made in a patent infringement case under Rule 11.

*View Eng'g*, 208 F.3d at 986.  Classen has not performed an infringement analysis, nor offered an explanation for its failure.  This cannot be found to constitute a reasonable prefiling inquiry for the purpose of filing patent infringement claims.  *Id.*  Accordingly, the Kaiser Defendants' motion for sanctions will be granted.

The Kaiser Defendants request that: (1) the Court order the Plaintiff to reimburse them for costs incurred in bringing their Rule 11 motion and defending this suit; (2) the claims against them be dismissed; and (3) the Plaintiff be permitted to refile only if it can establish and document in the Complaint a prima facie basis for its allegations.

Rule 11 attempts to discourage the needless filing of groundless lawsuits.  *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 988 (4th Cir. 1987).  In imposing sanctions, the court should apply a sanction that furthers Rule 11's purpose and is the least severe sanction adequate to such purpose. *Yorkridge-Calvert Sav. & Loan Ass'n v. Dir. of the Office of Thrift Supervision*, 1990 U.S. Dist. LEXIS 18623, * 18 (D. Md. 1990) (*citing Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988)).  The dismissal of

Classen's claims against the Kaiser Defendants should be sufficient to discourage Classen from filing additional pleadings before conducting a reasonable prefiling inquiry.

## CONCLUSION

For the reasons discussed above, the motions to dismiss will be granted, and the motion for sanctions will be granted in part and denied in part.


<u>July 22, 2005</u>                           <u>        /s/                </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge