## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CLASSEN IMMUNOTHERAPIES, INC.  ) | |
| ) | |
| Plaintiff  ) | Civil Action No. 1:04-CV-02607-WDQ |
| v.  ) | |
| BIOGEN IDEC, et al.  ) | |
| Defendants  ) | |

### ANSWER AND COUNTERCLAIMS OF BIOGEN IDEC INC.

Defendant Biogen Idec Inc. ("Biogen Idec") answers each of the paragraphs of Plaintiff

Classen Immunotherapies, Inc.'s Complaint as follows:

### JURISDICTION AND VENUE

1.      Biogen Idec admits that the Complaint purports to state a cause of action under

Title 35 of the United States Code §§ 271.

2.      Biogen Idec admits that the Complaint purports to base jurisdiction pursuant to 28

U.S.C. §§ 1331, 1338(a).

3.      Biogen Idec admits that US6,420,139 (the "'139 patent), US6,638,739 (the "'739

patent"), US5,728,385 (the "'385 patent"), and US5,723,283 (the "'283 patent") indicate on their

face that they are assigned to Plaintiff.  Biogen Idec is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the

Complaint.

4.     Biogen Idec admits that it is a corporation existing under the laws of the state of Delaware and that its headquarters are in Massachusetts. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint.

5.     Biogen Idec denies that it is "engaged in making, using, offering for sale and selling, inducing to use and contributing to the infringing practicing methods and services covered under the claims of the patents in suit." Biogen Idec admits that it transacts business in Maryland and that the Complaint purports to base venue on 28 U.S.C. §§1391(b),(c), and (d) and 1400(a) and (b). Biogen Idec denies the remaining allegations with respect to its own conduct and is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6.     Biogen Idec admits that it has licensed certain patents and patent applications relating to recombinant hepatitis B virus vaccines. Biogen Idec denies the remaining allegations with respect to its own conduct and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint.

7.     Biogen Idec denies the allegations in paragraph 7 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

## THE PATENTS IN SUIT[1]

8.     Biogen Idec admits that the '139 patent is entitled "Method and Composition for an Early Vaccine to Protect Against Both Common Infectious Diseases and Chronic Immune

---

[1]     On July 22, 2005, this Court issued a Memorandum and Order dismissing Counts I, II, and IV of the Amended Complaint ("Memorandum and Order"). Consequently, the only remaining patent in suit is the '385 patent.

Mediated Disorders or Their Sequelae." Biogen Idec admits that the patent includes the claim essentially as reproduced in the Complaint.

9.      Biogen Idec denies the allegations in paragraph 9 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

10.     Biogen Idec denies the allegations in paragraph 10 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

11.     Biogen Idec admits that the '739 patent is entitled "Method and Composition for an Early Vaccine to Protect Against Both Common Infectious Diseases and Chronic Immune Mediated Disorders or Their Sequelae." Biogen Idec admits that the patent includes the claim essentially as reproduced in the Complaint.

12.     Biogen Idec denies the allegations in paragraph 12 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

13.     Biogen Idec denies the allegations in paragraph 13 of the Complaint with respect to its own conduct, and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

14.     Biogen Idec admits that the '385 patent is entitled "Method and Composition for an Early Vaccine to Protect Against Both Common Infectious Diseases and Chronic Immune Mediated Disorders or Their Sequelae." Biogen Idec admits that the patent includes the claim essentially as reproduced in the Complaint.

- 3 -

15.     Biogen Idec denies the allegations in paragraph 15 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

16.     Biogen Idec denies the allegations in paragraph 16 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

17.     Biogen Idec admits that the '283 patent is entitled "Method and Composition for an Early Vaccine to Protect Against Both Common Infectious Diseases and Chronic Immune Mediated Disorders or Their Sequelae." Biogen Idec admits that the patent includes the claim essentially as reproduced in the Complaint.

18.     Biogen Idec denies the allegations in paragraph 18 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

19.     Biogen Idec denies the allegations in paragraph 19 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

20.     Biogen Idec admits that it received a letter from Plaintiff dated April 26, 2004 regarding the '739, '139, '385, and '283 patents, is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, and denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Biogen Idec denies the allegations in paragraph 21 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

22.     Biogen Idec denies the allegations in paragraph 22 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

23-30.  Biogen Idec need not respond to paragraphs 23-30 of the Complaint, as the Court dismissed Count I in its Memorandum and Order.

31-38.  Biogen Idec need not respond to paragraphs 31-38 of the Complaint, as the Court dismissed Count II in its Memorandum and Order.

## COUNT III

## PATENT INFRINGEMENT OF 5,728,385

39.     Biogen Idec reasserts and incorporates by reference its answers to paragraphs 1-38 of the Complaint.

40.     Biogen Idec admits that the '385 patent indicates on its face that it was issued on March 17, 1998. Biogen Idec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Complaint.

41.     Biogen Idec admits that the '385 patent names John Barthelow Classen as inventor. Biogen Idec admits that Classen is listed as the owner by assignment on the face of the '385 patent, which is entitled "Method and Composition for an Early Vaccine to Protect Against Both Common Infectious Diseases and Chronic Immune Mediated Disorders or Their Sequelae." Biogen Idec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Complaint.

42.     Biogen Idec denies the allegations in paragraph 42 of the Complaint with respect to its own conduct and is and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

43.     Biogen Idec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     Biogen Idec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.     Biogen Idec denies the allegations in paragraph 45 of the Complaint.

46.     Biogen Idec admits that it received a letter from Plaintiff dated April 26, 2004 regarding the '739, '139, '385, and '283 patents.  Biogen Idec denies the remaining allegations in paragraph 46 of the Complaint with respect to its own conduct and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

47-54.  Biogen Idec need not respond to paragraphs 47-54 of the Complaint, as the Court dismissed Count IV in its Memorandum and Order.

55-68.  Paragraphs 55-68 of the Complaint relate to Plaintiff's Prayer for Relief and do not require a response, but to the extent a response is required, Biogen Idec denies that Plaintiff is entitled to any such relief.

69.     Biogen Idec denies each and every allegation of the Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

70.     The claims of the '385 patent are invalid and unenforceable because they fail to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### Second Affirmative Defense

71.     Biogen Idec is not infringing or inducing the infringement of, nor has it ever infringed or induced the infringement of, any claims of the '385 patent.

- 6 -

### Third Affirmative Defense

72.     Plaintiff's cause of action is barred by the doctrines of estoppel and/or laches.

## COUNTERCLAIMS

### Jurisdiction and Venue

73.     These are counterclaims for a declaration of non-infringement and invalidity of the claims of the '385 patent.

74.     This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

75.     Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

76.     The plaintiff-in-counterclaim Biogen Idec is a corporation organized and existing under the laws of the State of Delaware.

77.     Upon information and belief, the defendant-in-counterclaim Classen Immunotherapies, Inc. ("Classen") is a corporation existing in the State of Maryland.

78.     Classen has sued Biogen Idec claiming that Classen is the owner of the '385 patent and accusing Biogen Idec of infringing the '385 patent.

79.     An actual case and controversy exists between the parties concerning the validity and enforceability of the '385 patent.

## COUNT I

80.     Biogen Idec hereby repeats and realleges the allegations of paragraphs 73-79 as if fully set forth herein.

81.     Biogen Idec has not directly infringed any of the asserted claims of the '385 patent and has not contributed to or induced their infringement.

-7-

## COUNT II

82.     Biogen Idec hereby repeats and realleges the allegations of paragraphs 73-79 as if fully set forth herein.

83.     One or more of the claims of the '385 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

84.     Biogen Idec is entitled to a declaratory judgment that it has not infringed and is not infringing the '385 patent, and that the '385 patent is invalid and unenforceable.

## DEMAND FOR JUDGMENT

WHEREFORE, Biogen Idec prays that this Court enter a judgment in its favor and against Classen as follows:

(a)     Dismiss the Complaint in its entirety with prejudice;

(b)     Enter judgment in favor of Biogen Idec and against Classen;

(c)     Declare and adjudge that the patent in suit is invalid, unenforceable, and not infringed;

(d)     Permanently enjoin Classen, its officers, agents, directors, servants, employees, subsidiaries, assigns and all those acting under the authority of or in privity with them from asserting or otherwise seeking to enforce the patent in issue against Biogen Idec;

(e)     Declare and adjudge this case exceptional and award Biogen Idec its attorneys fees and costs; and

- 8 -

(f)     Grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ David A. Wilson

David A. Wilson
Wilmer Cutler Pickering Hale and Dorr LLP
1455 Pennsylvania Avenue, N.W.
Washington, DC  20004-1008
(202) 942-8400

*Attorneys for defendant,*
Biogen Idec Inc.

Of Counsel:   David B. Bassett
Hollie L. Baker
Amanda P. Masselam
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

August 9, 2005

## CERTIFICATE OF SERVICE

I, David A. Wilson, hereby certify that I caused a copy of this document to be served by either electronic mail or overnight mail to:

Joseph J. Zito
Kendal M. Sheets
Zito tlp
26005 Ridge Road
Suite 203
Damascus, MD  20872

Mary B. Graham
Morris, Nichols, Arsht & Tunnel
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

Kevin B. Collins
Covington & Burling
1201 Pennsylvania Ave., NW
Washington, DC 20004-2401


/s/ David A. Wilson_____
David A. Wilson


Dated:  August 9, 2005


- 10 -