```
              IN THE UNITED STATES DISTRICT COURT FOR
             THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                 *
CLASSEN IMMUNOTHERAPIES,
INC.,                            *

     Plaintiff,                  *
v.                                          CIVIL NO.: WDQ-04-2607
                                 *
BIOGEN IDEC, et al.,
                                 *
     Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

Classen Immunotherapies, Inc. ("Classen") has sued Biogen IDEC ("Biogen"), GlaxoSmithKline ("GSK"), and Merck & Co., Inc., for patent infringement. Biogen, GSK and Merck have counterclaimed, alleging noninfringement and unenforceability of Classen's patents. Pending are Classen's motions for reconsideration of the Court's July 22, 2005 opinion; voluntary dismissal of Count III of the Complaint; discovery; to stay discovery; to strike miscellaneous correspondence; and to amend the scheduling order. Also pending is Merck's motion for summary judgment.

For the following reasons, Classen's motion to dismiss Count III and Merck's motion for summary judgment will be granted. Classen's motions for discovery, to stay discovery, to strike miscellaneous correspondence and to amend the scheduling order will be denied.

1

I.  Background

Classen Immunotherapies, Inc. ("Classen") is a Maryland corporation that has developed and patented methods for evaluating and improving the safety of immunization schedules. Classen is the holder of Patents 6,420,139 (the "139 patent"); 6,638,739 (the "739 patent"); 5,728,385 (the "385 patent"); and 5,723,283 (the "283 patent").  Am. Compl. at ¶ 2.  Classen alleges that the defendants infringed the patents in question by studying the correlation between vaccinations schedules and the risk of developing chronic immune mediated disorders, and by using the results of that study to develop vaccination protocols. *Id* at ¶¶ 6-7.

In its July 22, 2005 order, this Court, *inter alia*, dismissed Counts I (infringement of the 139 patent), II (infringement of the 739 patent) and IV (infringement of the 283 patent) of the Amended Complaint as to Biogen and GSK.  All Counts remain as to Merck; Count III (infringement of the 385 patent) remains as to Biogen and GSK.

II.  Classen's Motion for Partial Reconsideration

Classen has moved for reconsideration of the Court's order dismissing Counts I, II, and IV as to Biogen and GSK, arguing that the Court misinterpreted 35 U.S.C. § 271(e) and the Supreme Court's opinion in *Merck v. Integra,* 125 S.Ct. 2372 (2005).  As

2

the Court finds neither a clear error of law, nor a change in the controlling law, Classen's motion for partial reconsideration will be denied.

III.  Classen's Motion for Voluntary Dismissal of Count III

Pursuant to Federal Rule of Civil Procedure 41(a)(2) or Rule 15, Classen has moved to: 1) voluntarily dismiss Count III of the Complaint with prejudice as to GSK, Biogen and Merck, and to dismiss the Defendants' counterclaims as to the 385 patent without prejudice.

As Defendants do not oppose Classen's motion[1], and no prejudice to the Defendants will result, Count III of the Complaint will be dismissed with prejudice as to all defendants. Defendants' counterclaims as to the 385 patent will be dismissed without prejudice.

Accordingly, Biogen and GSK will be dismissed from the case. Counts I, II and IV remain as to Merck.

IV.  Merck's Motion for Summary Judgment

Merck has moved for summary judgment arguing that: 1) Merck did not participate in the study alleged to have infringed

---

[1] Merck has agreed not to oppose the Motion if Classen will stipulate that it will not bring any claim for infringement of the 385 patent against Merck for any vaccine Merck currently manufactures, distributes, or has marketed or distributed in the past.

Classen's patents; and 2) Merck's vaccine schedule differs from Classen's recommended schedule.

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the opposing party must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

The 283 patent requires: 1) the immunization of a treatment

group; 2) a comparison of the incidence of immune mediated disorders in the treatment group and a control group.  283 Patent, Claim 1.  Both the 139 and 739 patents require: 1) screening immunization schedules by comparing incidence of immune mediated disorders in treatment groups with different vaccination schedules; and 2) immunizing patients on a schedule identified as low risk.  139 Patent, Claim 1; 739 Patent, Claim 1.

Classen contends that Merck infringed the 283, 139, and 739 patents by participating in a study, published in December, 2001, that evaluated the correlation between vaccination schedules and the incidence of chronic immune mediated disorders.  Am. Compl. ¶ 7.  However, according to Dr. Frank DeStefano, the author of the 2001 study, the study was led and sponsored by the Centers for Disease Control and Prevention (CDC).  DeStefano Affidavit, ¶¶ 2-3.  Dr. DeStefano avers that Merck had no involvement, at any time, in any part of the study or the published article.  *Id* at ¶ 3.

Classen has offered no evidence disputing Dr. Stefano's assertion, nor has it offered any evidence linking Merck to any other study or evaluation of the correlation between vaccination schedules and incidents of immune mediated disorders.  As Classen's claims rely on Merck's participation in or inducement of an examination of the correlation between vaccine schedules and immune mediated disorders, Merck's motion for summary

5

judgment as to Counts I, II and IV of the Complaint will be granted.

As all counts of Classen's complaint have been or will be dismissed as to all defendants, only Merck's counterclaims remain pending.

V.  Classen's Motion for Discovery and to Stay Discovery

As discovery has ended, Classen's motions for discovery and to stay discovery will be denied as moot.

VI.  Classen's Motion to Strike Miscellaneous Correspondence

As all counts have been or will be dismissed as to GSK, Classen's motion to strike GSK's July 19, 2005 correspondence will be denied as moot.

VII. Classen's Motion to Amend the Scheduling Order

Classen has moved to amend the scheduling order to allow the designation of two experts.  The deadline for designation of Plaintiff's experts was September 23, 2005 and November 7, 2005 for rebuttal experts.  As Classen has had ample time to designate

6

its experts, but has failed to do so, the motion to amend the scheduling order will be denied.

<u>December 14, 2005</u>                                   /s/                
                              William D. Quarles, Jr.
                              United States District Judge