# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF
## JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 12/19/08

DEC 2 2 2008

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

No costs were taxed in this appeal.

Regarding exhibits and visual aids: Your attention is directed to FRAP 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

JAN HORBALY
Clerk

cc: Joseph J. Zito
    D. Bassett, G. Pappas, M. Graham

CLASSEN IMMUNO V BIOGEN IDEC, 2006-1634
DCT - MD, 04-CV-2607 -WDQ

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1634, -1649

CLASSEN IMMUNOTHERAPIES, INC.,

Plaintiff-Appellant,

v.

BIOGEN IDEC,

Defendant-Appellee,

and

GLAXOSMITHKLINE,

Defendant-Appellee,

and

MERCK & CO., INC.,

Defendant-Cross Appellant,

and

CHIRON CORPORATION, KAISER-PERMANENTE, INC., KAISER PERMANENTE VENTURES, KAISER PERMANENTE INTERNATIONAL, KAISER PERMANENTE INSURANCE COMPANY, THE PERMANENTE FEDERATION, LLC, THE PERMANENTE COMPANY, LLC, THE PERMANENTE FOUNDATION, THE PERMANENTE MEDICAL GROUP, INC., KAISER FOUNDATION HOSPITALS, KAISER FOUNDATION ADDED CHOICE HEALTH PLAN, INC., and KAISER FOUNDATION HEALTH PLAN INC.,

Defendants.

Joseph J. Zito, Zito tlp, of Washington, DC, argued for plaintiff-appellant.

Joshua M. Hiller, Wilmer Cutler Pickering Hale and Dorr LLP, of Boston, Massachusetts, for defendant-appellee, Biogen IDEC. On the brief were David B. Bassett, of New York, New York, and David A. Wilson, of Washington, DC.

George F. Pappas, Covington & Burling LLP, of Washington, DC, argued for defendant-appellee, GlaxoSmithKline. With him on the brief were Jeffrey B. Elikan and Kevin B. Collins. Of counsel was Scott C. Weidenfeller.

Mary B. Graham, Morris, Nichols, Arsht & Tunnell, LLP, of Wilmington, Delaware, argued for defendant-cross appellant. With her on the brief was James W. Parrett, Jr. Of counsel on the brief were Robert L. Baechtold, Fitzpatrick, Cella, Harper & Scinto, of New York, New York; and Edward W. Murray and Mary J. Morry, Merck & Co., Inc., of Rahway, New Jersey.

Appealed from:  United States District Court for the District of Maryland

Judge William D. Quarles, Jr.

# United States Court of Appeals for the Federal Circuit

2006-1634, -1649

CLASSEN IMMUNOTHERAPIES, INC.,

        Plaintiff-Appellant,

v.

BIOGEN IDEC,

        Defendant-Appellee,

and

GALAXOSMITHKLINE,

        Defendant-Appellee,

and

MERCK & CO., INC.,

        Defendant-Cross Appellant,

and

CHIRON CORPORATION, KAISER-PERMANENTE, INC., KAISER PERMANENTE VENTURES, KAISER PERMANENTE INTERNATIONAL, KAISER PERMANENTE INSURANCE COMPANY, THE PERMANENTE FEDERATION, LLC, THE PERMANENTE COMPANY, LLC, THE PERMANENTE FOUNDATION, THE PERMANENTE MEDICAL GROUP, INC., KAISER FOUNDATION HOSPITALS, KAISER FOUNDATION ADDED CHOICE HEALTH PLAN, INC., and KAISER FOUNDATION HEALTH PLAN INC.,

        Defendants.

Appeal from the United States District Court for the District of Maryland in Case No. 04-CV-2607, Judge William D. Quarles, Jr.

DECIDED: December 19, 2008

Before NEWMAN and MOORE, <u>Circuit Judges</u>, and FARNAN, <u>District Judge</u>.[*]

MOORE, <u>Circuit Judge</u>.

In light of our decision in <u>In re Bilski</u>, 545 F.3d 943 (Fed. Cir. 2008) (en banc), we affirm the district court's grant of summary judgment that these claims are invalid under 35 U.S.C. § 101. Dr. Classen's claims are neither "tied to a particular machine or apparatus" nor do they "transform[] a particular article into a different state or thing." <u>Bilski</u>, 545 F.3d at 954. Therefore we <u>affirm</u>.

---

[*] Hon. Joseph J. Farnan, Jr., United States District Court for the District of Delaware, sitting by designation.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

*Questions and Answers*

**Petitions for Panel Rehearing (Fed. Cir. R. 40)
and
Petitions for Hearing or Rehearing En Banc (Fed. Cir. R. 35)**



*Q. When is a petition for panel rehearing appropriate?*

A. Petitions for panel rehearing are rarely considered meritorious. Consequently, it is easiest to first answer when a petition for panel rehearing is not appropriate. A petition for panel rehearing should not be used to reargue issues already briefed and orally argued. If a party failed to persuade the court on an issue in the first instance, they do not get a second chance. This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36, as a disposition of this nature is used only when the appellant/petitioner has utterly failed to raise any issues in the appeal that require an opinion to be written in support of the court's judgment of affirmance.

Thus, as a usual prerequisite, the court must have filed an opinion in support of its judgment for a petition for panel rehearing to be appropriate. Counsel seeking panel rehearing must be able to identify in the court's opinion a material error of fact or law, the correction of which would require a different judgment on appeal.

*Q. When is a petition for rehearing en banc appropriate?*

A. En banc decisions are extraordinary occurrences. To properly answer the question, one must first understand the responsibility of a three-judge merits panel of the court. The panel is charged with deciding individual appeals according to the law of the circuit as established in the court's precedential opinions. While each merits panel is empowered to enter precedential opinions, the ultimate duty of the court en banc is to set forth the law of the Federal Circuit, which merits panels are obliged to follow.

Thus, as a usual prerequisite, a merits panel of the court must have entered a precedential opinion in support of its judgment for a petition for rehearing en banc to be appropriate. In addition, the party seeking rehearing en banc must show that either the merits panel has failed to follow decisions of the Supreme Court of the United States or Federal Circuit precedential opinions, or that the merits panel has followed circuit precedent, which the party seeks to have overruled by the court en banc.

*Q. How frequently are petitions for panel rehearing granted by merits panels or petitions for rehearing en banc granted by the court?*

A. The data regarding petitions for panel rehearing since 1982 shows that merits panels granted some relief in only three percent of the petitions filed. The relief granted usually involved only minor corrections of factual misstatements, rarely resulting in a change of outcome in the decision.

En banc petitions have been granted less frequently. Historically, the court has initiated en banc review in a few of the appeals decided en banc since 1982.

*Q. Is it necessary to have filed either of these petitions before filing a petition for certiorari in the U.S. Supreme Court?*

A. No. All that is needed is a final judgment of the Court of Appeals.